In the Matter of BEVERLY CREST
CONVALESCENT HOSPITAL, INC.,
a California Corporation, Debtor.

Dr. Jack MOSHEIN and Dr. Harry Zide,
Petitioners-Appellants,

v.

BEVERLY CREST CONVALESCENT
HOSPITAL, INC., a California
Corporation, Debtor,

and

C. Douglas Wikle, Trustee, Appellees
(three cases).

Nos. 75–1047 to 75–1049.

United States Court of Appeals,
Ninth Circuit.

Dec. 10, 1976.

As Amended March 2, 1977.

Rehearing and Rehearing En Banc
Denied March 11, 1977.

Bertram H. Ross (argued), Los Angeles, Cal., for petitioners-appellants.

George M. Treister (argued), of Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for debtor.

C. Douglas Wikle, in pro per.

Before ELY and TRASK, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

Moshein and Zide (Debtors) appeal from orders entered by the District Court on November 13, 1974, specifically holding valid and enforceable the Debtors' letter agreement to pay compensation, when fixed, to C. Douglas Wikle (Receiver-Trustee) and to Ralph Frank and the firm of Sulmeyer, Kupetz, Baumann & Rothman (Attorneys) and awarding the amount of compensation to the Receiver-Trustee in these Chapters XI and XII bankruptcy proceedings in the amount of $97,240 and to the Attorneys in the amount of $220,043.75, less the amount of $12,500 paid by the Debtors, in the two proceedings. We affirm the validation of the letter agreement, vacate each of the awards of compensation, and remand for recomputation.

The Debtors are medical doctors who, joined by Dr. Irving Cohen, a dentist, became general partners in a limited partnership known as Beverly Crest Convalescent Hospital. The limited partnership in turn formed the Beverly Crest Convalescent Hospital, Inc., to operate the hospital. After about six months of operation, the hospital was in financial difficulties with an operating loss of more than $900,000. A number of creditors of the operating corporation and partnership instituted state actions to recover moneys due. National Life and Accident Insurance Co., holder of a promissory note secured by a first deed of trust on the hospital property, brought a foreclosure action. As a result of these suits, two state court receivers were appointed.

The Debtors, together with Dr. Cohen, were personally liable as general partners and as personal guarantors of certain corporate debts in an amount in excess of $5,000,000. Through their counsel Frank, they employed the firm of attorneys mentioned above to represent the partnership, corporation, and individuals in proposed bankruptcy proceedings. The co-partnership agreed to an initial retainer fee for the Attorneys in the amount of $15,000, of which they have paid $12,500.

On October 30, 1970, the partnership filed a petition for relief under Chapter XII and the corporation filed for relief under Chapter XI. The Receiver-Trustee was appoint-

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

ed as such in the Chapter XI and Chapter XII cases, respectively.

In July, 1973, a Joint Plan of Arrangement was confirmed, resulting in the discharge of the personal liabilities of the Debtors. In part, the Plan of Arrangement provided that the buyers of the hospital would put up a statutory deposit of $140,-000. On June 26, 1973, prior to confirmation of the Joint Plan, the Debtors (individually and as general partners), Irving Sulmeyer and the Receiver-Trustee signed a letter agreement whereby: (1) The Attorneys and the Receiver-Trustee agreed to waive their rights, as provided by §§ 367 and 467 of the Bankruptcy Act (11 U.S.C. §§ 767 and 867), to be paid in full from the statutory deposit for payment of priority debts and costs and expenses; and (2) Debtors agreed to make monthly payments over a period of three years to the Receiver-Trustee and Attorneys of the fees awarded that were in excess of the funds available for such purpose out of the deposit. It is clear that without some such agreement, the Court would not have been able to confirm the Plan of Arrangement whereby the hospital, relicensed as an acute general hospital, was sold for more than $5,000,000, priority creditors were paid in full, general unsecured creditors were assured a dividend of 20 per cent, and the Debtors received a 20 per cent interest in the new hospital enterprise with an estimated value of $1,140,000.

On December 28, 1973, the Receiver-Trustee filed his application for compensation from the time he commenced his duties on November 3, 1970, requesting $100,000. On January 2, 1974, the Attorneys filed their application for compensation, asking for $235,000. Thereafter the Debtors filed objections to the applications and a Petition to Withdraw their Memorandum Agreement of June 26, 1973. After hearings on the applications and opposition, the Bankruptcy Judge overruled the Debtors' objections, denied their Petition to Withdraw the agreement, and awarded the Receiver-Trustee a total of $97,240 compensation in both cases ($2,450 in the Chapter XI matter and $94,-790 in the Chapter XII case) and the Attorneys $207,543.75 compensation in both cases, in addition to the $12,500 initial retainer fee already paid.

The Debtors filed objections and sought District Court review of the denial of the Petition to Withdraw and the compensation awards. In November, 1974, the District Court held a hearing and approved the compensation awards and the denial of the Petition to Withdraw.

Three issues are presented for review:
1. Did the District Court err in denying the Petition to Withdraw because (a) the agreement was void as a contract between attorney and client under California Civil Code § 2235, and/or the Debtors were denied due process by the Bankruptcy Judge's approval of the agreement without notice of a hearing?
2. Did the District Court err in allowing the award of $97,240 compensation to the Receiver-Trustee?
3. Did the District Court err in allowing the award of $220,043.75 in fees to the Attorneys?

*Issue 1(a):*

■ The Debtors contend that the letter agreement committing them to pay any fees awarded to the Receiver-Trustee and the Attorneys in excess of the funds available for that purpose in the $140,000 deposit is void because it violates California Civil Code § 2235, as amended in 1963. That Section provides:

"All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence. The presumptions established by this section do not apply to the provisions of an agreement between a trustee and his beneficiary relating to the hiring or compensation of the trustee."

The Debtors argue that the last sentence of the statute applies only to the initial contract of employment and not to contracts regarding compensation which are executed after the trust and attorney-client relationship have been formed. We disagree. 1 Witkin, California Procedure (2d Ed.), teaches that "[t]he language of the 1963 amendment [the last sentence referred to] . . . is not restricted to the original contract employing an attorney."

The Debtors' reliance upon *Gold v. Greenwald,* 247 Cal.App.2d 296, 55 Cal.Rptr. 660 (1968), is misplaced as the facts in that case make it manifestly inapposite to the situation here.

■ In any event the factual record here clearly rebuts the statutory presumption and establishes a sufficient consideration for the agreement in view of the substantial benefits received by the Debtors at the hands of the Receiver-Trustee and the Attorneys. Further, the record is devoid of any evidence of an exercise by the fiduciaries of undue influence over the Debtors. We conclude that the factual findings of the District Judge are not clearly erroneous. Fed.R.Civ.P. 52(a). The District Court did not err in the context of this issue.

*Issue 1(b):*

■ This contention is without merit because the Debtors had notice and attended all of the pertinent hearings held before the Bankruptcy Judge and the District Court. The District Court did not err in the context of this issue.

*Issue 2:*

At the outset of our consideration of Issues 2 and 3, we point out that the efforts of the Receiver-Trustee and the Attorneys in their respective fields on behalf of the Debtors during the two and a half years of the reorganization proceedings present a remarkable record of successful administration and legal representation. In short, the Debtors' enterprise was suffering a terminal financial disease and, through the bankruptcy proceedings and the efforts of the court officials, was restored to robust financial health.

Nevertheless, the successful financial restoration of the Debtors' enterprise is the very purpose and intent of Chapters XI and XII, which after all are "for the relief of debtors rather than an act for the relief of attorneys and court officers. 3A Collier on Bankruptcy (14th Ed.1975) 1427 n. 2 and 1428 n. 5. Yet we are not unmindful of Judge Merrill's admonition announced in *Jacobowitz v. Double Seven Corp.,* 378 F.2d 405, 409 (9th Cir. 1967) (dissenting opinion), as follows:

"[T]he cost of bankruptcy should not itself consume the very res the proceedings are designed to protect; and . . . fees allowed [must] be such as not to discourage competent [Receiver-Trustee and Attorneys] from active and effective participation."

It is of little use to the financial rehabilitation of the debtor concept of the bankruptcy laws to in turn saddle the debtor with liability for the payment of receiver-trustee's and attorney's fees in the aggregate amount of $305,000. We will be further guided by the standards and guidelines for our review as explicitly delineated in *York Intern. Building, Inc. v. Chaney,* 527 F.2d 1061 at 1068–69 (9th Cir. 1975).

■ The time expended on behalf of the debtor element is of extreme importance in determining a fair and reasonable compensation for court officers in bankruptcy proceedings, and it is the duty of the Receiver-Trustee and Attorneys to meticulously keep accurate records of time expended for the benefit of the estate. *York* at 1069.

■ The Bankruptcy Judge and the District Court found that the Receiver-Trustee spent a total of 1,144.7 hours in performing his duties on behalf of the Debtors. The findings were based upon evidentiary affidavits filed by the Receiver-Trustee which contained "estimated time expended" items totaling 590.7 hours within the total of 1,144.7 hours. It is apparent that the Receiver-Trustee neglected his duty to meticulously keep accurate records of time spent, so we have some reservation as to the value

of the supporting evidence for the District Court's finding of the total hours expended on behalf of the Debtors by the Receiver-Trustee. However, ours is not to reason why as we cannot say that on the supporting evidence, the District Court's finding as to total hours expended by the Receiver-Trustee was clearly erroneous or that there was an obvious miscarriage of justice under the finding. Fed.R.Civ.P. 52(a). *Coen v. Zick,* 458 F.2d 326, 328 (9th Cir. 1972); *Miguel v. Walsh,* 447 F.2d 724, 726 (9th Cir. 1971); and *Klein v. Rancho Montana De Oro, Inc.,* 263 F.2d 764, 770 (9th Cir. 1959).

■ We ascertain that the award of compensation fixed for the Receiver-Trustee at $97,240 compensated him at the rate of approximately $85 per hour of effort. Admittedly the Receiver-Trustee's efforts on behalf of the Debtors were highly successful financially. Nevertheless our conscience under the guidance of *York* at 1068–69 is shocked over the award. We conclude that the award of compensation was "clearly excessive and must be substantially reduced." *Official Creditors' Committee of Fox Markets, Inc. v. Ely,* 337 F.2d 461, at 462 (9th Cir. 1964), *cert. denied,* 380 U.S. 978, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965). The order of award of compensation to the Receiver-Trustee in the amount of $97,240 should be vacated and set aside and a total award of compensation for the Receiver-Trustee in the two causes should be fixed at the rate of $50 per hour of work time expended in each of the two causes, respectively, not to exceed a total of 1,144.7 hours.

*Issue 3:*

The Attorneys, unlike the Receiver-Trustee, did explicitly document 2,588.75 hours of time spent on behalf of the Debtors in the bankruptcy proceedings. The Debtors contend that most of the efforts and work of the Attorneys were of routine administrative concern rather than professional legal services and point to General Order 42 and the rationale of *Cle-Ware Industries, Inc. v. Sokolsky,* 493 F.2d 863 (6th Cir. 1974), declaring that attorneys for debtors-in-possession should be compensated only for legal services.

We are satisfied that the District Judge was cognizant of General Order 42 and, in the fact finding process of scrutinizing the documented hours of effort and services, abided thereby. While the documentation of the time expended contains some gray areas of administrative services, vis-a-vis, strictly professional legal services, we cannot say that the District Judge was clearly erroneous in determining the Attorneys' hours of legal services on behalf of the Debtors at 2,588.75 hours.

■ However, we are, as we were in the case of the Receiver-Trustee, shocked at the award of compensation for the Attorneys aggregating $220,043.75 which averages out at the rate of $85 per hour. We conclude the award of compensation to be grossly excessive and clearly erroneous, requiring us to reduce the allowance substantially. We believe that compensation at the rate of $65 per hour should be sufficient. *Official Creditors' Committee of Fox Markets, Inc. v. Ely, supra.*

We conclude that the order of the District Court awarding compensation to the Attorneys should be vacated and set aside and that the total amount of compensation for the Attorneys in the two cases should be fixed at the rate of $65 per hour of work time expended in each of the two cases, respectively, not to exceed a total of 2,588.-75 hours.

*Disposition:*

The order of the District Court validating the Debtors' letter agreement to pay compensation, when fixed, to the Receiver-Trustee and the Attorneys is affirmed.

The orders of the District Court awarding compensation to the Receiver-Trustee in the amount of $97,240 and to the Attorneys in the amount of $220,043.75 (less the amount of $12,500 paid by the Debtors) are each vacated and the causes remanded to the District Court for recomputation and an award of compensation to the Receiver-Trustee and the Attorneys respectively, consistent with the foregoing.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.