In the Matter of VALUE SALES NO. 2, INC., a California Corporation, dba Value Center, Debtor.

Bankruptcy No. 79–10987–RO.

United States Bankruptcy Court, C. D. California.

March 26, 1981.

Ronald E. Michelman, Michelman & Michelman, Los Angeles, Cal., for debtor.

## MEMORANDUM OPINION IN RE ATTORNEYS' FEES

ROBERT L. ORDIN, Bankruptcy Judge.

Debtor's counsel seeks an award of fees and costs for services rendered and expenses incurred as counsel for the debtor in these proceedings.

A review of the files, documents and records in this case reveals the following:

1. Debtor's petition was filed on September 17, 1979.

2. The operation of the debtor's business during the ongoing Chapter proceedings was financed in large part by the debtor's mother, pursuant to an arrangement approved by this Court in the early stages of the case.

3. The plan (confirmed on July 31, 1980) provides for the payment of $25,000, to be used to discharge priority and unsecured claims. The debtor is to pay $15,000 upon confirmation, and an additional $10,000 in three installments of $3,333.33 or more, payable 6 months, 12 months, and 18 months after the first dividend is paid.

4. Expenses of administration and priority claims are to be paid in full from the

1. Plan, paragraph 11.

initial $15,000 deposit. The balance of the initial deposit, if any, and the entire $10,000 are to go to unsecured debt.[1]

5. The dollar amount of unsecured claims consenting to the plan was $140,298.57.

6. Administration expenses for the referees' salary and expense fund and special charges of the Clerk's Office equal $4,443, and other priority claims equal $2,012.82. The sum of these ($6,455.82) must be paid first out of the initial $15,000 deposit, without reference to counsel or accountant fees and costs.

7. Counsel seeks $17,125 as fees, and $103.75 as costs. The accountants seek $2,764 fees, and $72 costs. The aggregate of these requests ($19,889 fees and $175.25 costs), if allowed, will have the following impact:

(a) Priority debts and expenses of administration will total $26,344.82.

(b) This exceeds the total funds available under the plan by $1,344.82.

The law in the Ninth Circuit with respect to counsel's fees in reorganization proceedings is clearly set forth in *In the Matter of York International Building, Inc.*, 527 F.2d 1061 (9th Cir. 1975), and *In the Matter of Beverly Crest Convalescent Hospital, Inc.*, 548 F.2d 817, 819 (9th Cir. 1976). An analysis of these decisions reveals the following principles:

(i) The history, language and spirit of the Bankruptcy Act forbids the "crying evils" of unreasonable, excessive, or extravagant allowances of fees to lawyers in bankruptcy cases.

(ii) In awarding compensation, the Court should deal equitably and fairly with the debtor and its creditors.

(iii) Reorganization proceedings are designed to inure to the benefit of the debtor and creditors, not just to those engaged in the administration of the estate.

Nothing in this case or the fee application justifies the dissipation of 100 per-

cent of the cash proceeds available upon confirmation in payment of counsel fees and administrative costs, while creditors are relegated to downstream payments out of profits, if any. Such a result does not accord with this court's view of the purpose of Chapter XI.

This was a simple, uncomplicated business case; the debtor survived the reorganization process largely because the mother of the chief operating officer financed the debtor's business during the Chapter proceeding. Ultimately, the debtor was able to acquire $15,000 with which to fund the initial payment to confirm the plan of arrangement. The $10,000 balance is to be funded out of profits.[2] Accepting the assertion by debtor's counsel that 137 hours were consumed in processing the case, the value of those services must be determined by the court. The aggregate economic impact of the requested fee award would minimize the benefit to creditors from the processing and conclusion of this reorganization. Such a result is not consistent with the guidelines enunciated in *York* or *Beverly Crest*.

While able and competent lawyers should not be discouraged from participating in the bankruptcy system by denying reasonable remuneration for services rendered, and the economy principle should not be applied with such vigor as to deprive debtors of the services of able and experienced counsel, the Court must nevertheless avoid the perpetration of an economic incongruity of the proportions suggested by debtor's counsel in this case.

Accordingly, and considering all of the facts and circumstances in this proceeding, it appears to this Court that the services of counsel in this proceeding were fairly worth an aggregate of $7,500. A $5,000 retainer having been paid, the balance of fees awarded to counsel is $2,500. The claimed expenses of $103.75 are approved.

The fees of the accountants are approved as prayed; to wit, $2,764 in fees, and $72 in costs.

IT IS SO ORDERED.

**2.** Application for Fees by Attorney for Debtor, page 4, lines 12–15.