### In re JOHN H. PARKER CO.

(District Court, N. D. Ohio, E. D.   March, 1920.)

1. **Bankruptcy** ⊂⊃140 (½) —**Subcontractor's title to material did not pass to bankrupt contractor.**

   Where a subcontractor agreed to furnish labor and materials and construct a floor in a building, and stored the materials on the premises until work could be commenced, *held*, that title to the materials did not pass to the contractor, and that its receiver in bankruptcy secured no right thereto.

2. **Bankruptcy** ⊂⊃212—**Storage charges for material successfully claimed by subcontractor against receiver charged to subcontractor.**

   Where a subcontractor established its right to certain building material against the contractor's receiver in bankruptcy, the charges for storing the material prior to filing of the reclamation petition will be charged against the subcontractor.

In Bankruptcy. In the matter of the John H. Parker Company, bankrupt. Petition by the United Cork Flooring Company to reclaim personal property in receiver's possession. On receiver's exceptions to special master's report. Exceptions overruled, and report confirmed.

Charles Nadler and F. S. Shulman, both of Youngstown, Ohio, for receiver.

McKain & Ohl and Wm. W. Zimmerman, all of Youngstown, Ohio, for United Cork Flooring Co.

WESTENHAVER, District Judge. This matter is before me on exceptions to the report of Paul E. Carson, special master, to whom this matter was referred, finding that the United Cork Flooring Company is the owner of certain personal property in the possession of the receiver. This Flooring Company on June 8, 1917, made a subcontract with the John H. Parker Company, the principal contractor, to furnish the labor and materials and install a floor in the Butler Art Gallery, at Youngstown, for the construction of which the Parker Company was principal contractor. Pursuant to this contract, the Flooring Company specially manufactured in its own plant certain cork tile, and shipped same, together with certain other necessary materials, by railroad freight to its own order and address at Youngstown, Ohio, care of the

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Butler Art Gallery. When these materials arrived, the building had not yet progressed to the point where the flooring could be installed, and the superintendent of the Parker Company, at the request of the Flooring Company, unloaded these materials and stored them on the art gallery premises, where other materials to be used in this construction were stored. After the Parker Company became bankrupt, and the receiver was appointed, this receiver, finding these materials in the original packages, stored the same. The Flooring Company's contract entitled it to be paid on estimates 85 per cent. for labor and materials only as the materials were placed and installed in the building. Shortly before bankruptcy of the Parker Company it sent to the Flooring Company a note for $1,200, which the Flooring Company contends was received after bankruptcy and was never accepted. In point of fact the note was returned.

[1] The foregoing material facts are all found by the special master and are fully supported by the testimony. Upon these facts I agree with the master's conclusion of law. The title to these materials never passed to the Parker Company and still is in the Flooring Company. The authorities and legal principles relied upon by counsel for the receiver are applicable only to a contract of sale when possession has been delivered to the vendee, and the reservation of title has the effect in law of making the sale conditional or creating a chattel mortgage. In that situation, conditional sales contracts and chattel mortgages are void as against the vendee's creditors unless recorded.

These principles of law have no application to the foregoing facts because there was no contract of sale; but, on the other hand, the materials are and were intended to be the property of the Flooring Company until they became the property of the art gallery by being used in constructing a building on its premises. Even if a note had been given and accepted, it would be regarded only as an advance payment on a contract yet to be performed, and would not have the effect of changing the nature of the contract or converting it into a sale of materials.

[2] The exceptions will be overruled and the report will be approved and confirmed. The costs of this proceeding will be imposed upon the bankrupt estate. An order will be made directing the materials to be delivered to the Flooring Company upon the payment by it of storage charges. These latter charges were necessary for the preservation of this property prior to the filing of the Flooring Company's reclamation petition and pending the determination by the court of the controversy respecting the title. They were expenditures really made for the benefit of the Flooring Company and should be paid by it.

An exception may be noted on behalf of the receiver.