## RIFE et al. v. RUBLE.
### No. 8344.

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1939.

Wilby G. Hyde, of Chillicothe, Ohio (C. A. Weldon, of Circleville, Ohio, on the brief), for appellants.

Harry A. Mettler, of Nelsonville, Ohio, for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The appeal involves the validity of a lien asserted for storage charges incurred by a trustee in bankruptcy upon property successfully reclaimed by its owner from the trustee's possession. The lien was sustained both by referee and court and the claimant's successors in interest appeal.

The cause is submitted upon an agreed statement of facts in pursuance of Rule 76, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Such facts as are necessary to decision are simple, the single issue is clear and the road to decision plain, notwithstanding unnecessary prolixity in the agreed statement and some of the briefs.

The bankrupt was the Hart-Spencer Company which had in its custody, upon adjudication, lumber owned by the testator of the appellants. The owner demanded possession but the trustee refused to surrender the property. Thereupon the owner filed his proof with the referee and so began the long journey to final adjudication which consumed five years, and ended with a decree adjudging the claimant owner of the lumber and entitled to its immediate possession. At the time of the adjudication and the election of the trustee in September, 1932, the lumber was stored in a building of the Owens Manufacturing Company at Logan, Ohio, where it remained for a year, during which the trustee, though chargeable with rent therefor, paid none. In September, 1933, being obliged to vacate the Owens premises, the trustee made an oral arrangement with the appellee to store the lumber in the latter's premises at Logan upon a rental of $25 per month until the first of the year, and $30 thereafter. There it has remained ever since and the appellee refuses to surrender it until his storage charges are paid. On September 10, 1937, he petitioned the referee in bankruptcy to declare a lien in his favor impressed upon all personal property stored on his premises by the trustee, to order the property sold, the lien transferred to the fund to be derived from the sale, and to be given priority in payment therefrom. The referee found there was due the petitioner the sum of $1,425, taxed one-half thereof against the claimant and held the petitioner entitled to a lien against the lumber until this amount was paid. The Court affirmed the order.

Whether, under Ohio law, a landlord, not himself a warehouseman is entitled to a lien upon personal property stored by the lessee upon the leased premises, we find no occasion to decide since the testator of the appellants was not the lessee, the lease having been made with the trustee in bankruptcy. It may be conceded that the rental was an administration expense and a charge upon the general assets of the estate in the possession and control of the trustee. That there are no such assets in the present case is beside the point. While the trustee has paid no rental the judgment below is defended as in conformity with the principle that "storage charges paid by the receiver in bankruptcy for preservation of property of a third person prior to the filing of a petition in reclamation proceedings and pending determination of the controversy respecting the title should be paid by the claimant." Gilbert's Collier on Bankruptcy, 4th Ed., § 1526 cit-

ing Matter of Parker Company, D.C., 268 F. 868; In re Hansen & Birch, D.C., 292 F. 898, 899.

While a bankruptcy trustee is undoubtedly charged with the duty of preserving property which comes into his custody, including that of claimants whose claims he may in the exercise of a reasonable judgment oppose, yet he is also charged with the duty of expeditiously liquidating the estate and avoiding all unreasonable expense either in its preservation or distribution. While the scope of his discretion in this respect, so far as we are advised, has never been charted by the Supreme Court or the Courts of Appeals, general principles applicable to situations like the present are announced by Judge Sibley in the Hansen & Birch case, supra: "The bad judgment of the trustee in litigation or otherwise, which results in excessive expense, must be visited upon the general creditors or the fund belonging to them, * * * the expenses cannot generally be justly put, in whole or in part, upon a successful opponent." An equitable exception is recognized where an expense was thought necessary for the preservation of the property or resulted in benefit to the successful litigant and in such case may be charged against him, but when so charged it is to be measured not by the outlay but by the necessity and the benefits involved. So it was there held that rental for one month during which a lien was being foreclosed at an expense no greater than the lien holder would himself have incurred, was not an unreasonable charge upon property recovered by a claimant or upon the fund which, after foreclosure, was subjected to the lien.

Assuming this to be a sound principle, as we do, the present case presents no difficulty. By no means can the subjection of property to storage charges for upward of five years be considered as reasonably necessary or of benefit to the claimant. While it is suggested that the delay in the original litigation was beyond the control of the trustee, and bad faith on his part is neither charged nor proved, yet it does not appear that he took any steps to reduce the property to money either with or without the claimant's consent, and so to protect it against hazards of fluctuating markets, fire, waste or decay. We conclude that the storage expense cannot be made a charge against the appellants' property, and we are under no necessity to decide what a reasonable charge for preservation by storage would be since the obligation did not begin until more than a year after the filing of the claim. This conclusion being sufficient to dispose of the case we do not decide the questions implicit in the record whether, in a summary proceeding in bankruptcy, a trustee who has paid nothing for the preservation of a claimant's property found in possession of the bankrupt, may fasten a charge upon it, for that purpose, or whether, in such proceeding, a charge may be impressed thereon by another who has custody under the authority of the trustee.

Judgment reversed and the cause remanded with direction for an order commanding delivery of the property to the appellants as claimant's successors in interest.