In re Maurice ST. PIERRE, Kathleen F. St. Pierre d/b/a The Price is Right, Debtors.

Bankruptcy No. BK–7900356.

United States Bankruptcy Court, D. Rhode Island.

May 5, 1980.

Raymond C. Holland, Jr., Tiverton, R. I., for debtors.

Christopher W. Parker, Boston, Mass., for U. S. Trustee.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on March 27, 1980 on the motion of the United States Trustee to examine the payment made to the attorney for the debtors, who filed a voluntary bankruptcy petition on October 15, 1979. The attorney for the debtors filed a statement at that time, pursuant to Bankruptcy Rule 219(b), which disclosed compensation of $750.00 for legal services. After hearing, this court rendered a bench decision to the effect that the reasonable value of the legal services furnished by the attorney for the debtors was $600.00.

The authority of the Bankruptcy Court to review compensation paid to an attorney for the debtor is a traditional equity power of the court, *see* Bankruptcy Rule 219, 220; *see also, In re Arlan's Department Stores, Inc.* 462 F.Supp. 1255 (S.D.N.Y., 1978), *aff'd* 615 F.2d 925, 5 Bank.Ct.Dec. 973 (2d Cir. 1979), and is essential to prevent overreaching by debtors' attorney and to protect creditors. *See 2 Collier on Bankruptcy,* 329.01 (15th ed. 1979). This authority is contained in § 329 of the new Bankruptcy Code, which provides that a court may review payments to attorneys for legal services in connection with or in contemplation of a bankruptcy petition, and to cancel such agreements or order that excessive payments be returned to the trustee or the debtor. 11 U.S.C. 329.

The position of the United States Trustee is that the payment of $750.00 for legal services involving an "unexceptional voluntary Chapter 7 proceeding" is unreasonable. (Memorandum of United States Trustee at 3). He takes this position because the debtors were not engaged in business, and because reconsideration of attorney fees is particularly appropriate in nonbusiness or consumer cases under the Code.

The explanation by the debtors' attorney Raymond C. Holland, Jr., Esq., emphasizes the amount of time and effort that went into securing information necessary to prepare and file the debtors' petition and schedules, contacting various secured creditors to prevent foreclosure on the debtors' home, and researching various parts of the Bankruptcy Code. In support of his explanation, Mr. Holland presented a written breakdown of the time spent on the case, which totalled in excess of thirty hours.

The task of reviewing legal fees is not a particularly pleasant one, where, as in this case, the debtors' attorney has clearly demonstrated that an extensive amount of time was spent on this bankruptcy proceeding, and conscientiously so. However it is a necessary function of the court to review such fees to determine that they are not excessive, keeping in mind that attorneys should be reasonably compensated for their efforts.

The general range of fees charged in this jurisdiction by attorneys in voluntary bankruptcy cases, including analysis of the debtor's financial situation, preparation and filing of the petition and schedules, and appearing at the first meeting of creditors normally is between $300 to $400. Accordingly, we find that the reasonable value of these services rendered by the attorney for the debtors here is $350.00.

Mr. Holland also spent considerable time on other business related problems of the debtors. The debtors were requested by the Clerk of the Bankruptcy Court to complete a Statement of Affairs for Bankrupt Engaged in Business (normally not required in the typical consumer voluntary bankruptcy proceeding), because they had operated several stores within six years prior to the filing of the petition. We find that the reasonable value of these additional legal services is $150.00.

Additionally, the attorney for the debtors provided additional service in attempting to prevent foreclosures and tax sales of the debtors' property. We find that while the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. 362, would have prevented such actions, these services are compensable in the amount of $100.00.

The attorney for the debtors has candidly admitted that part of the time spent on this case was to review and familiarize himself generally with the new Bankruptcy Code. We feel that time spent in this manner[1] cannot be billed to a particular client and should probably be considered a cost of doing business. This case, as far as we can see, does not involve any complex or obscure legal questions requiring intensive research. Rather, general research of the type described is more in the nature of improving legal skills and keeping abreast of changes under the Code, than the rendering of legal services to a particular client.

Accordingly, for the reasons stated above and at the hearing held on March 27, 1980, we find that the reasonable value of the legal services rendered by the debtors' attorney in this case is $600.00.

1. We consider this to be essentially in the nature of continuing legal education. The situation would be not much different if counsel had attended a seminar on the new Code and then billed the time and registration fee to this case.