**In re CLAYTON GRAIN ELEVATOR, INC., Debtor.**

**Bankruptcy No. 582–00119–A.**

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

June 20, 1983.

Harvey Perry, Farrar, Perry & Jefferson, Monroe, La., for himself and law firm.

Rex D. Rainach, Anderson, Anderson, Hawsey, Rainach & Stakelum, Baton Rouge, La., for himself and law firm.

Chatham H. Reed, Simon, Fitzgerald, Cooke & Reed, Shreveport, La., for James G. Harrison, trustee.

Findings of Fact

LeROY SMALLENBERGER, Bankruptcy Judge.

This Chapter 11 debtor, Clayton Grain Elevator, Inc., has been represented by two lawyers of two law firms: Mr. Rex Rainach of the firm Anderson, Anderson, Hawsey, Rainach & Stakelum in Baton Rouge and Mr. Harvey Perry of the firm Farrar, Perry

& Jefferson in Monroe, Louisiana. Both of these attorneys have made application to this court for payment of final fees for their services and reimbursement of expenses.

To these applications there have been numerous objections filed. The objectors are listed below along with the claim represented by each:

| | | |
|---|---|---|
| 1. | James G. Harrison, Trustee | n/a |
| 2. | Alexandria Seed Company | $119,912.61 |
| 3. | Mitchell E. Price | 144,834.62 |
| 4. | Joe Lancaster | 599.50 |
| 5. | Frogmore Gin, Inc. | 234,762.00 |
| 6. | McIntosh-Cupit | 328,025.70 |
| 7. | Louis Renfro | 22,431.66 |
| *8. | Three Rivers Farm Supply, Inc. | [71,740.71] |
| | TOTAL | $850,566.09 |

*[This claim was paid by the Trustee.]

Additionally, the following creditors object only to the fee application of Rainach:

| | |
|---|---|
| Rota Quinta/Doles | $ 70,672.00 |
| Riverside Chemical | 167,729.30 |
| TOTAL | $238,401.30 |

To summarize, the Trustee and creditors complain that the fee applications are excessive and that many of the charges included represent services performed for the benefit of the shareholders and not the debtor corporation. They also complain that there is duplication of services performed by two law firms and that their services have been paid for in full by the shareholders.

Rainach asks for fees in the sum of $19,483.50 and reimbursement of expenses in the amount of $1,865.17. Perry asks fees of $10,004.50 and expenses of $229.00. The total disbursement from the estate would be $31,582.17.

When these two attorneys were retained, there were three shareholders in the debtor corporation. Each gave the attorneys a personal check of $5,000.00 each representing the retainer. Rainach kept two checks or $10,000.00 and Perry kept one check or $5,000.00. Mr. Perry believes that this money should be returned to the shareholders for it was merely an advance on the fees incurred by the debtor. Objectors think differently.

The petition in bankruptcy was filed February 2, 1982. The attorneys filed the schedules and proposed disclosure statement and plan for reorganization. There were approximately eight hearings in this case. Four months after the filing of the petition, the attorneys moved the court for permission to withdraw as counsel for the debtor and enroll as counsel for the three shareholders. The date of this motion was June 22, 1982.

Conclusions of Law

The controlling law is found at 11 U.S.C. § 330 as interpreted by *Matter of First Colonial Corporation of America,* 544 F.2d 1291, 2 BCD 1633 (5th Cir.1977), cert. denied at 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388.

The statute allows the court to award the debtor's attorney "reasonable compensation for actual, necessary services rendered . . . based on the time, the nature, the extent, and the value of such services, and the cost of comparable services . . .". The court may also award "reimbursement for actual, necessary expenses." 11 U.S.C. § 330.

The court in *First Colonial* sets out twelve factors for the court to consider in the award of fees to the debtor's attorney. In that vein, this court finds that these attorneys are highly skilled and very experienced debtor's counsel. However, it cannot be said that this particular case was novel or difficult. Therefore, this case might require more time than others because of the creditors involved but it is not of Herculean proportions.

The secured liabilities total around $50,000. Unsecured liabilities just exceed $1 million. Total liabilities are approximately $1.5 million. There are just over $1 million in assets. This case is not terribly big for a Chapter 11 debtor.

The attorneys served the debtor for a little over four months. The results achieved in this short time span are not noteworthy for the case was only beginning when the attorneys' services were terminated.

■ The fee applications and time sheets have been studied by the court. The court has deleted all hours not considered to be actual and necessary services to the debtor. These deletions include duplicated services. The attorneys did try to specialize in different areas of the case so as to minimize duplication. They are to be commended for that. Also deleted were those hours representing services that benefited the shareholders primarily. The court recognizes that in the case of a closely held corporation there are many benefits accruing from the same services to both the corporation and the shareholders. Nevertheless, those services deleted were adjudged to be of secondary importance to the debtor. In total 78.95 hours were deleted from the Rainach application and 30.9 hours from the Perry application. These hours represent $6,801.00 and $2,626.50 respectively.

The Rainach fee application has been reduced to $12,682.50 and the Perry fee application has been reduced to $7,378.00. The total is $20,060.50. It is now for the court to determine the reasonableness of this fee charged to the debtor.

■ As set out before, the court has considered the factors listed in *First Colonial*. For this case with these services rendered in the four month period, the maximum attorney fees that the court would find reasonable is $15,000.00. This represents total fees and will be prorated between the two attorneys based upon the fees as reduced by the court above. After computation, the reasonable and actual and necessary fees due to the attorneys are $9,483.19 to Rainach and $5,516.81 to Perry.

The expenses as requested by the attorneys are found to be actual and necessary as well as reasonable. They are approved as prayed for.

■ The remaining issue is whether the retainer paid by the shareholders should be returned to them. This money was not segregated by the attorneys nor was it ever placed in escrow. It was treated at all times as payment of fees. The statement of the attorneys filed February 2, 1982 shows the retainers accepted by the attorneys as payment for their fees. Mr. Rainach, in brief, suggested that retainers paid by the shareholders should not be returned to them. The court agrees.

The court awards to Mr. Rainach and his law firm compensation in the sum of $9,483.19 and reimbursement of expenses in the sum of $1,865.17. To Mr. Perry and his law firm, the court awards compensation in the amount of $5,516.81 and reimbursement of expenses in the amount of $229.00. The retainer paid by the shareholders is not to be returned. Mr. Harrison, Trustee, is ordered to disburse from the estate only that sum in excess of the retainers.

## JUDGMENT

For the reasons assigned in the Findings of Fact and Conclusions of Law;

IT IS ORDERED that Rex Rainach and the law firm of Anderson, Anderson, Hawsey, Rainach & Stakelum, Attorneys at Law, are allowed the sum of Nine Thousand Four Hundred Eighty-three Dollars and Nineteen Cents ($9,483.19) as compensation for professional services rendered herein.

IT IS FURTHER ORDERED that said attorneys are allowed the sum of One Thousand Eight Hundred Sixty-five Dollars and Seventeen Cents ($1,865.17) for costs and expenses incurred herein.

IT IS FURTHER ORDERED that the initial retainer of Ten Thousand Dollars ($10,000.00) paid said attorneys by the shareholders be deducted from the allowed fees and costs and the Trustee and/or any disbursing agent herein pay said attorneys the aforementioned difference between the allowed fees and costs and the initial retainer paid, said difference being One Thousand Three Hundred Forty-eight Dollars and Thirty-six Cents ($1,348.36), forthwith out of the funds presently held by them and out of the debtor's estate pursuant to 11 U.S.C. § 507(a)(1).

IT IS FURTHER ORDERED that Harvey Perry and the law firm of Farrar, Perry & Jefferson, Attorneys at Law, are allowed the sum of Five Thousand Five Hun-

dred Sixteen Dollars and Eighty-one Cents ($5,516.81) as compensation for professional services rendered herein.

IT IS FURTHER ORDERED that said attorneys are allowed the sum of Two Hundred Twenty-nine Dollars ($229.00) for costs and expenses incurred herein.

IT IS FURTHER ORDERED that the initial retainer of Five Thousand Dollars ($5,000.00) paid said attorneys by the shareholders be deducted from the allowed fees and costs and the Trustee and/or any disbursing agent herein pay said attorneys the aforementioned difference between the allowed fees and costs and the initial retainer paid, said difference being Seven Hundred Forty-five Dollars and Eighty-one Cents ($745.81), forthwith out of the funds presently held by them and out of debtor's estate pursuant to 11 U.S.C. § 507(a)(1).