**In re Roderick D. REED,**
**Debtor–in–Possession.**

**Bankruptcy No. PB 86–450.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 2, 1988.

---

Isaac A. Scott, Jr., Little Rock, Ark., former counsel, for debtor.

Joel Taylor, Little Rock, Ark., for debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 1, 1986, Roderick D. Reed (debtor-in-possession) filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. On December 11, 1986, an order was entered authorizing the employment of the law firm of Wright, Lindsey & Jennings as attorney for the debtor-in-possession. On October 19, 1987, an order was entered substituting Joel Taylor (Taylor) as attorney for the debtor-in-possession. Both attorneys have filed applications requesting fees for services rendered on behalf of the debtor-in-possession in defending a complaint to determine dischargeability filed by the Federal Savings and Loan Insurance Corporation (FSLIC).

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction to enter a final judgment in the case.

On November 12, 1987, Wright, Lindsey & Jennings applied for an award of final compensation pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016. The application requested approval of attorney fees in the amount of $11,446.50 for services rendered and $1,148.22 for expenses incurred from April 16, 1987, through October 26, 1987. A hearing was set for December 4, 1987, and no objections to the fee request were filed before the hearing date. This Court approved the application, subject to the removal of all items relating to the debtor-in-possession's defense of the FSLIC complaint. Wright, Lindsey & Jennings is seeking $3,547.50 in fees and $6.88 in expenses incurred in connection with the defense of the FSLIC complaint. On December 4, 1987, Taylor applied for an award of compensation for services rendered on behalf of the debtor-in-possession solely in connection with the FSLIC matter. No objections to his application have been filed. Taylor's application requests $4,624.00 in fees and $32.24 in expenses.

11 U.S.C. § 330(a) provides generally that, after notice and a hearing, the

Court may award to an attorney reasonable compensation for actual and necessary services rendered by the attorney based upon the time, nature, extent and value of the services, and the cost of comparable services other than in bankruptcy cases. No distinction is made between the standards to be applied in reorganization and liquidation cases. *See* 11 U.S.C. § 330(a); *In re Moore,* 57 B.R. 270, 271 (Bankr.W.D.Okla. 1986).

The burden of proof as to the reasonableness of requested compensation is on the applicant. *In re Pettibone Corp.,* 74 B.R. 293, 299 (Bankr.N.D.Ill.1987); *In re Werth,* 32 B.R. 442, 444 (Bankr.D.Colo. 1983); *In re Crutcher Transfer Line, Inc.,* 20 B.R. 705, 710 (Bankr.W.D.Ky.1982). Even in the absence of any objection voiced by a party in interest, the Court has an independent duty to investigate the reasonableness of compensation. *In re Pettibone Corp.,* 74 B.R. at 299–300; *In re Westfall,* 73 B.R. 186, 189 (Bankr.W.D.Ark.1986); *In re Thomas, Inc.,* 43 B.R. 510, 511 (Bankr. D.Mass.1984).

Cases interpreting 11 U.S.C. § 330 have imposed an additional requirement that professional services benefit the estate before they are compensable from the estate. *See In re Schaeffer,* 71 B.R. 559, 560–62 (Bankr.S.D.Ohio 1987); *In re Jessee,* 77 B.R. 59, 60 (Bankr.W.D.Va.1987); *In re Vlachos,* 61 B.R. 473, 482–83 (Bankr.S.D. Ohio 1986); *In re Taylor,* 66 B.R. 390, 394–95 (Bankr.W.D.Pa.1986); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 576 (Bankr.N.D.Tex.1986); *In re Spencer,* 48 B.R. 168, 171 (Bankr.E.D.N.C.1985); *In re Garnas,* 40 B.R. 140, 141–42 (Bankr.D.N.D. 1984); *In re Rhoten,* 44 B.R. 741, 743 (Bankr.M.D.Tenn.1984); *In re Zweig,* 35 B.R. 37, 38 (Bankr.N.D.Ga.1983); *In re Clayton Grain Elevator, Inc.,* 30 B.R. 760, 762 (Bankr.W.D.La.1983); 2 *Collier on Bankruptcy* ¶ 330.04[3] (15th ed. 1988).

Services of the debtor's attorney in defending a dischargeability determination benefit the debtor personally, rather than the estate or its creditors. *See In re Leff,* 84 B.R. 72, 73 (Bankr.N.D.Tex.1988); *In re Ryan,* 82 B.R. 929, 931–33 (N.D.Ill.1987); *Citizens Bank of Byhalia v. Byrd (In re Byrd),* 66 B.R. 261, 269 (Bankr.N.D.Miss. 1986); *In re Vlachos,* 61 B.R. at 482–83; *In re Rhoten,* 44 B.R. at 743; *In re Epstein,* 39 B.R. 938, 939–41 (Bankr.D.N.M.1984); *In re Sawicki,* 12 B.R. 515, 515 (Bankr.W. D.Wis.1981).

Wright, Lindsey & Jennings cites two cases arising under the Bankruptcy Act which allowed compensation for the debtor's attorney in a dischargeability proceeding. *See In re Gray,* 2 Bankr.Ct.Dec. (CRR) 52 (N.D.Me.1975); *In re Spisak,* 2 Bankr.Ct.Dec. (CRR) 1592 (N.J.1977). This Court does not find these cases persuasive. The majority rule, even prior to enactment of the Bankruptcy Code, was that such services were not compensable from the estate.[1] *See In re Jones,* 665 F.2d 60, 60 (5th Cir.1982); *Lewis v. Fitzgerald,* 295 F.2d 877, 879 (10th Cir.1961), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962); *In re Pajarito American Indian Art,* 11 B.R. 807, 811 (Bankr.D.Ariz.1981); 2 *Collier on Bankruptcy* ¶ 330.04[3] (15th ed. 1988).

Where professional services are performed which benefit only the debtor, the debtor, not the estate, is liable for payment of the services. *See In re Hunt,* 59 B.R. 842, 843 (Bankr.N.D.Ohio 1986); *In re Spencer,* 48 B.R. at 171–72; *In re Ezell,* 45 B.R. 13, 14 (Bankr.M.D.Tenn.1984); *In re Howerton,* 23 B.R. 58, 59 (Bankr.N.D.Tex. 1982).

The fees and expenses requested by Wright, Lindsey & Jennings and Taylor for services performed in connection with the debtor-in-possession's defense of the FSLIC complaint to determine dischargeability are disallowed.

IT IS SO ORDERED.

---

1. An exception is found in 11 U.S.C. § 523(d), which sets forth certain circumstances in which the court may award attorney's fees to a debtor who has successfully defended a dischargeability complaint on a consumer debt.