### In re James Douglas HOWERTON and wife, Blanche Howerton, Debtors.

### Bankruptcy No. 481–00571.

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Sept. 3, 1982.

ruptcy ¶ 62.31 [3.5] (14th ed. 1975). The Code makes no change in the criteria for services compensable from estate assets. 2 Collier on Bankruptcy ¶ 330.04[3] (15th ed. 1982). This result is analogous to 11 U.S.C. § 522(c) which places the financial burden on the debtor, rather than the estate, for protecting exemptions which inure solely to his benefit. Debtors' motion for attorney's fees and costs is therefore denied.

## SUPPLEMENTAL MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The Trustee in this Chapter 7 case objected to the Debtor's claimed exemption of their Individual Retirement Annuities held by a life insurance company. This Court entered a memorandum opinion on July 14, 1982 holding the retirement plans were not exempt. 21 B.R. 621. Debtors now move for a new trial and for the Court to make additional findings of fact. I have considered those motions and both are denied for the reasons stated in the earlier memorandum opinion.

Finally, Debtors request an award of attorney's fees and expenses pursuant to 11 U.S.C. § 330 to Debtors' attorneys for all necessary appeals of the decision of this Court. Under the repealed Bankruptcy Act, the bankrupt's attorney was compensated from the estate only for services rendered in administering the estate and in carrying out provisions of the Act. *Conrad, Rubin and Lesser v. Pender,* 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933); *In re Evenrod Perfumer,* 67 F.2d 878 (2d Cir. 1933). Setting aside an exemption for the benefit of the bankrupt did not fall within either category and attorney fees were therefore not awarded from the estate assets for such services. 3A Collier on Bank-