**In re Ted M. & Shirley A. KIRLAN, Debtor(s).**

**Bankruptcy No. 85–01716–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Oct. 18, 1985.

Ashley L. Diener, Hialeah, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., Trustee.

### ORDER ON REVIEW OF ATTORNEY'S FEE

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors' attorney in this chapter 7 case was paid $3,500 for his services "in contemplation of and in connection with this case". (C.P. No. 2). The trustee has requested review of the amount paid under 11 U.S.C. § 329 and B.R. 2017. The matter was heard on October 15.

The debtors are a contractor and his wife with debts of $858,000 and assets of $755,-000, principally three pieces of real property, including a homestead worth $125,000.

Counsel, who had been employed by the debtors during the year before bankruptcy and had been paid $1,500 for those services (C.P. No. 1, item 15(b)) has kept no contemporaneous time records, but estimates that he has spent 30 hours during the five months preceding the filing of this petition on August 5 and since that date. He had five or six lengthy meetings with the debtors advising them before bankruptcy in their use of nonexempt property to repair the homestead property and to pay living expenses. During this time he also reviewed lawsuits pending against the debtors and filed two answers.

Since the filing of the bankruptcy there were no extraordinary services before the creditors' meeting held September 12 or thereafter. This would appear to be an ordinary chapter 7 case which should not require more than a thousand dollars worth of legal services to advise the debtors, prepare the necessary papers and accompany the debtors to the creditors' meeting. These are the services justified as administrative expenses and, therefore, entitled to priority consideration under § 507 and immunity from avoidance as a preference under § 547. This special consideration is provided only for those services in aid of

the bankruptcy administration, and not for services beneficial only to the debtors. *Matter of Jones,* 665 F.2d 60 (5th Cir.1982); *Collier on Bankruptcy,* ¶ 330.04[3] (15th Ed.).

It is obvious that most of the services provided by this able and experienced attorney were of benefit solely to the debtors and actually reduced rather than benefited the bankruptcy estate. Certainly the assistance and representation of the debtors in defending litigation and recommending ways to convert nonexempt into exempt assets fall in this category. Five months is an extraordinary time for services rendered in connection with the filing of a bankruptcy case.

Because counsel did not keep contemporaneous records, it is not possible with precision to determine exactly what part of his work can properly be classed as an administrative expense. I estimate that it could not have exceeded half the 30 hours he has spent. His future services, now that a trustee is responsible for the estate, can only be for the benefit of the debtors. His customary billing rate is $100 an hour. Therefore, I find that the services subject to the provisions of § 329 are worth $1,500 and the debtors' attorney is ordered to pay forthwith to the trustee the balance of $2,000 in accordance with § 329(b)(1)(A).

I am not concluding that the services rendered by counsel for the sole benefit of his clients, the debtors, were not worth the $2,000 he received. That issue is not presented here. Counsel may and should file a claim as a general creditor against this estate for those services in that amount.