**In re Robert H. & Joann M. ELLRICH, Debtors.**

**Bankruptcy No. 85–02200–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Nov. 2, 1987.

Robert Roth, Miami, Fla., trustee.

John W. Kozyak, Miami, Fla., for debtors.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Chief Judge.

Two fee applications (C.P. Nos. 25 and 31) were heard at the final meeting of creditors October 13. The trustee is directed to pay the Clerk's special charges of $7.50.

### Trustee's Fee

The trustee's application for $180 is within the statutory maximum and is reasonable. It is approved.

### Fee for Debtor's Attorney

The attorney's Exhibit A (C.P. No. 25) reflects a billing charge of $3,344 for its services and $277.60 for expenses, of which it has already received $1,060 as a retainer. It also credits the account in the amount of $700 "for duplicative [sic] work in training associate". This leaves a stated balance due of $1,860. The total value of this estate is $1,500. Payment of the Clerk's charges and the trustee leaves $1,312.50. This application is for $547 more than is in the estate. It presents other problems as well.

After deduction of the $700 credit, the applicant seeks $2,644 for 41.2 hours legal services at an average hourly rate of $64. I do not question that the time was spent nor do I question the applicant's valuation of its time. However, this application is not for payment from the client, but payment from this estate as a priority administrative expense under 11 U.S.C. § 503(b)(2).

█ Only those legal services rendered in administering the estate and in carrying out the debtor's statutory obligations are recoverable from the estate, as administrative expenses and services designed only to benefit the bankrupt personally may not be compensable out of the estate. This was the solidly established rule under the former Act. *Randolf v. Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903); *Matter of Jones,* 665 F.2d 60 (5th Cir.1982). And as stated in 2 *Collier on Bankruptcy* (15th ed. 1987) ¶ 330.04[3]:

> "The Code makes no change in this regard."

A leading decision on this distinction under our present Code is *In re Howerton,* 23 B.R. 58, 59 (Bankr.N.D.Tex.1982):

> "Setting aside an exemption for the benefit of the bankrupt did not fall within either category and attorney fees were therefore not awarded from the estate assets for such services."

*Howerton* has been followed in *In re Spencer,* 48 B.R. 168, 171 (Bankr.E.D.N.C. 1985) and *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 576 (Bankr.N.D.Tex. 1986) which lists a number of similar holdings. I have found no contrary decisions.

As stated in *Collier, supra:*

> "The allowance to the bankrupt's attorney ordinarily covers only work done in promoting the administration of the estate and in assisting the bankrupt to perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the winding up of the proceedings".

This was a simple chapter 7 consumer bankruptcy filed for a salaried flight engineer and his wife, with three secured creditors (a home and two cars), 26 unsecured creditors ($69,240), and non-exempt assets which were liquidated for $1,500.

The only novelty in this case is that the debtor claimed as exempt an airline pension, contribution plan and stock ownership plan totalling $120,876. The exemption was not challenged by the trustee and was questioned by only one creditor. It never presented its objection to this court.

█ The time spent researching the exempt status of this property, in discussing the matter among the three attorneys who performed these services, and in discussing it with the creditor and the client clearly is not recoverable from the estate. *In re Howerton, supra.* This is a non-administrative, postpetition service of benefit only

to the debtors, analogous to the defense of criminal charges or resisting challenges to the debtor's discharge.

An attorney must look to his client's postpetition earnings and other exempt property for compensation. This applicant appears to have recognized that fact, for it received $700 paid *after* bankruptcy (C.P. No. 25 ¶ 6), but did not credit this payment toward the account presented in its Exhibit A.

■ I cannot satisfactorily separate the time spent here on administrative services from that spent on personal services, but I can and do find that the reasonable cost of the necessary administrative services and filing fee entailed in this representation could not exceed the $1,060 retainer charged and collected. The application for further fees from this estate is, therefore, denied.

■ The requested additional expenses ($217.60) include $91.30 of in-house copying charges. I have considered this as a part of the applicant's overhead expense in evaluating its fee and deny it as a separate expense. The additional expenses are, therefore, allowed in the remaining amount of $126.30. The trustee is authorized and directed to pay this sum as an administrative expense from the estate.