**In re Bernard and Kathleen LEFF, Debtors.**

**Bankruptcy No. 387–34998–SAF–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 18, 1988.

Robert M. Nicoud, Jr., Dallas, Tex., for debtors.

Christopher J. Moser, Dallas, Tex., trustee.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL,
Bankruptcy Judge.

On January 4, 1988, the court held a hearing on the trustee's motion to determine the reasonableness of a prepetition retainer the debtors Bernard and Kathleen Leff gave to their attorney. The trustee and the Leffs were represented by counsel at the hearing. After entertaining argument by counsel, the court took the motion under advisement. The Leffs filed a post-hearing letter brief. The court now concludes that the prepetition retainer must be reduced.

On September 23, 1987, the Leffs filed a voluntary Chapter 7 petition. Pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 2016(b), the Leffs' attorney ("counsel") filed a disclosure of compensation statement in which he disclosed that he was given $17,387.25 by the Leffs as a prepetition retainer. He also disclosed that the retainer was paid "out of wage earnings." In his motion, the trustee contends that this retainer is excessive, especially since this is a no-asset case.

Counsel states that the retainer is intended to cover not only the work he performs in administering this Chapter 7 case but also the fees he incurs in defending the Leffs against a complaint which objects to the Leffs' discharge. He contends that since this is a no-asset case, the retainer is his only source of compensation. He argues that it would be premature to determine the reasonableness of the retainer. Rather, counsel suggests that the court should make this determination after the Chapter 7 case is closed and after the dischargeability complaint has been resolved.

■ A bankruptcy court is obligated, on its own motion, or on the motion of any interested party, to examine the compensation given or agreed to be given to a debtor's attorney. *In re Wright*, 48 B.R. 172, 173 (Bankr.E.D.N.C.1985); *see In re Riggin*, 40 B.R. 458, 460 (Bankr.D.Md.1984); *In re Nu–Process Industries, Inc.*, 13 B.R. 136, 137 (Bankr.E.D.Mich.1981). If the

compensation exceeds the reasonable value of the attorney's services, the court may require the excess portion to be returned to the debtor's estate. 11 U.S.C. § 329(b).

■ A Chapter 7 estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Specifically, a Chapter 7 estate includes the debtor's prepetition wages and earnings. *Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1426 (9th Cir.1984). A prepetition retainer which was paid out of the Chapter 7 debtor's prepetition wages is property of the estate. *See In re Chapel Gate Apartments, Ltd.*, 64 B.R. 569, 574 (Bankr.N.D.Tex.1986) {quoting *In re Kinderhaus Corp.*, 58 B.R. 94, 97 (Bankr.D.Minn.1986)}; *see* 11 U.S.C. § 541(a)(3); 4 Collier on Bankruptcy § 541.16, 541–92 (15th ed. 1987). Here counsel has disclosed that his prepetition retainer was paid "out of wage earnings." Accordingly, this case presents the issue whether a debtor's attorney may be compensated from the debtor's estate for services performed in defending the debtor against a dischargeability complaint. If not, the retainer is excessive.

Counsel for a Chapter 7 debtor is entitled to compensation from the debtor's estate for services rendered in administering the estate and carrying out the provisions of the Code. *In re Howerton*, 23 B.R. 58, 59 (Bankr.N.D.Tex.1982); *In re Schaeffer*, 71 B.R. 559, 560–61 (Bankr.S.D.Ohio 1987). Specifically, a Chapter 7 debtor's counsel is entitled to compensation " 'for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the Section 341 meeting of creditors.' " *In re Tabala*, 48 B.R. 871, 873 (S.D.N.Y. 1985) {quoting *In re Olen*, 15 B.R. 750, 752 (Bankr.E.D.Mich.1981)}; *see In re Kirlan*, 55 B.R. 105 (Bankr.S.D.Fla.1985); *In re Riverview Financial Services, Inc.*, 67 B.R. 714, 715 (Bankr.E.D.Mich.1986). The general view, however, is that " ' "the work involved is often largely clerical or more in the nature of an accountant's work and warrants but a small fee for covering the true professional services." ' " *Tabala*, 48 B.R. at 873 (quoting *Olen*, 15 B.R. at 752).

Because a Chapter 7 debtor's counsel is entitled to compensation from the estate only for services performed in administering the estate, he is not entitled to compensation from the debtor's estate for services that benefit the debtor personally but that do not benefit the estate. *Soteres v. Scroggins (In re Orbit Liquor Store)*, 439 F.2d 1351, 1354 (5th Cir.1971); 2 Collier on Bankruptcy § 330.04, 330–22 to 23 (15th ed. 1987); *In re Taylor*, 66 B.R. 390, 395 (Bankr.W.D.Pa.1986); *In re Hunt*, 59 B.R. 842, 843 (Bankr.N.D.Ohio 1986). Based on this distinction, in a case decided under the Bankruptcy Act of 1898, the Fifth Circuit held that "attorney's fees related to defending against objections to the discharge are not payable out of the estate." *In re Jones*, 665 F.2d 60 (5th Cir.1982). This is the majority rule in cases decided under the Code. *See In re Cleveland*, 80 B.R. 204, 205 (Bankr.S.D.Cal.1987); *In re Vlachos*, 61 B.R. 473, 482–83 (Bankr.S.D.Ohio 1986); *In re Moore*, 57 B.R. 270, 271 (Bankr.W.D. Okla.1986); *In re Epstein*, 39 B.R. 938, 941 (Bankr.D.N.M.1984); *contra In re Deihl*, 80 B.R. 1, 2 (Bankr.D.Me.1987).

Counsel is not entitled to compensation from the Leffs' bankruptcy estate for services rendered to the Leffs in defending against the dischargeability complaint. Because the funds counsel received from the Leffs as a retainer are property of the Leffs' bankruptcy estate, the portion of the retainer that does not constitute reasonable compensation for administering the Leffs' estate must be tendered to the Chapter 7 trustee. Since the Leffs' estate has not been closed, the court must approximate a reasonable attorney's fee. Taking into account that this is a no-asset case, the court finds that a reasonable retainer for this case is $3,000. Counsel shall give the excess portion of the retainer to the Chapter 7 trustee.

Upon the foregoing reasons, IT IS ORDERED that counsel for the debtors shall forward the sum of $14,387.25 to the Chap-

ter 7 trustee within 10 days from the entry of this order.