**In re Michael A. DE LA ROSA, and Martha O. De La Rosa, Debtors.**

**Bankruptcy No. 86–07500–H7.**

United States Bankruptcy Court,
S.D. California.

Oct. 12, 1988.

Robert D. Iafe, Herrmann, Potter & Taylor, San Diego, Cal., for debtors.

*FDIC v. Bank of America*, 701 F.2d 834 (9th Cir.1983).

Ardelle Williams, San Diego, Cal., trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether attorney fees incurred in representing the debtors in opposing the trustee's objections to the debtors' exemptions may be compensable from the bankruptcy estate.

At the hearing on the interim application for fees, debtors' counsel argued that attorney fees should be paid from the estate because the fees were incurred in benefit of the estate.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

### FACTS

Michael and Martha De La Rosa ("debtors") filed a joint petition under Chapter 7 on November 20, 1986, and filed their schedule of liabilities and assets. In their schedule of exempt property, the debtors claimed $1,200 equity in their 1980 Volvo and $1,200 equity in their 1979 Chevrolet El Camino as exempt pursuant to California Code of Civil Procedure § 704.010. The trustee objected to the debtors' claim of exemptions, and after hearing, the court, sustained the trustee's objections. 74 B.R. 63.

Debtors' counsel subsequently filed his interim application for fees and requested allowance of fees and costs of $768, *inter alia,* incurred in opposing the trustee's objection to the claim of exemption.

### DISCUSSION

Debtors' counsel seeks allowance of interim fees and costs as an administrative claim of the debtors' bankruptcy estate. Professional persons are compensated pursuant to two provisions of the Bankruptcy Code. The first, 11 U.S.C. § 330, is routinely used by professional persons providing services to the debtor, trustee, or creditors' committee. The second provision authorizing compensation to professionals is 11 U.S.C. § 503. Section 330(a)(1) provides in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

Read absolutely literally, § 330 supports debtors' counsel's entitlement to reasonable fees if his services were actual and necessary.

However, a number of decisions have addressed the interpretation of § 330. The court in *Matter of Ryan,* 82 B.R. 929, 931 (N.D.Ill.1987) stated that:

So far as we are aware, no court has chosen to read 11 U.S.C. § 330 literally since its enactment in the 1978 Bankruptcy Reform Act ("Bankruptcy Code"). Instead, all the decisions interpreting § 330 of the Bankruptcy Code carry over the near-unanimous view of prior Bankruptcy Act cases that, as a matter of law, attorneys may recover fees from the estate only if their labors actually benefited the estate. E.g. *In re Moore,* 57 B.R. 270, 271 (Bankr.W.D.Okla.1986); *Matter of Zweig,* 35 B.R. 37, 38 (Bankr.N.D.Ga. 1983); *In re Rosen,* 25 B.R. 81 (Bankr.D. S.C.1982).

A Ninth Circuit Bankruptcy Appellate Panel has recently held that "the bankruptcy court has authority to preclude use of estate property for payment of attorneys where services benefit only the debtor, and not the estate." *In re Walter,* 83 B.R. 14, 19 (9th Cir. BAP 1988).

In another case from the Southern District of California, my colleague Judge

Louise DeCarl Malugen held that debtor's counsel in a Chapter 7 case is not entitled to compensation out of the estate for services beneficial only to the debtor.

The rationale for the "no compensation" rule is that the purpose of a Chapter 7 case is to maximize the distribution to creditors of the debtor and that services unrelated to the debtor's administrative responsibilities do not benefit creditors and are not ordinarily compensable out of the estate.

*In re Cleveland,* 80 B.R. 204, 205 (Bankr.S. D.Cal.1987).

■ An attorney for a debtor in a Chapter 7, is entitled to compensation from the debtor's estate for services rendered in administering the estate in carrying out the provisions of the Code. Such services include analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a bankruptcy petition; the actual preparation and filing of the petition; and representing the debtor at the § 341(a) meeting of creditors. *In re Leff,* 84 B.R. 72 (Bankr.N.D. Tex.1988).

Opposing the trustee's objection to claim of exemption, for the benefit of the debtor, does not fall within the category of services rendered in administering the estate nor in carrying out the debtor's statutory obligations, and attorney fees are therefore not awarded from the estate for such services. *In re Howerton,* 23 B.R. 58, 59 (Bankr.N.D.Tex.1982).

The court in *In re Ellrich,* 81 B.R. 132 (Bankr.S.D.Fla.1987) was faced with the situation similar to the case at bar. The debtor filed a simple Chapter 7. The only novelty in the case was a claim of exemption on an airline pension plan, contribution plan and stock ownership plan totalling $120,876. The claim of exemption was not challenged by the trustee and was questioned by only one creditor which never presented its objection to the court. It was held that the time spent researching the exempt status of the property, in discussing the matter among three attorneys who performed the services, and in discussing the exemption with the creditor and the client was clearly not recoverable from the estate. This was declared to be "a non-administrative, post-petition service of benefit only to the debtors, analogous to the defense of criminal charges or resisting challenges to the debtor's discharge." *Ellrich* at 134.

■ Counsel is not entitled to compensation from this estate for services rendered on behalf of the debtors in opposing the trustee's objection to the claim of exemption.

Neither would debtors' counsel be entitled to an award of fees under 11 U.S.C. § 503, which provides after notice and hearing, there shall be allowed administrative expenses the compensation and reimbursement "awarded under § 330(a) of this title." Clearly any award under § 503 is subject to the requirements of § 330(a), which as has been shown above, would not allow compensation from the estate for services that benefit the debtors personally.

## CONCLUSION

Guided by the above principles, the court makes the following fee award: The 9.6 hours which we found to be directly related to representing the debtors in opposition to the trustee's objection to the claim of exemption will be deducted from the $1,568 requested. This deduction totals $768 ($80 × 9.6 = $768). Thus, the total fee allowed is $800. After applying the retainer of $490, the net amount owing to debtors' counsel will be $310. The request for $13.75 in expenses will be allowed in its entirety.

While it has been determined that debtors' counsel is not entitled to full compensation from the estate for services rendered to the debtor personally, it should be emphasized that this ruling in no way affects the debtors' obligation to pay the remaining amounts due and owing.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for debtors is directed to file with this court an Order in conformance with this Memoran-

dum Decision within ten (10) days from the date of entry hereof.