**In re Shapour J. NAMAZI, Debtor.**

**Mahmood KAZEROONI, Movant,**

**v.**

**Shapour NAMAZI, Defendant.**

**Bankruptcy No. 89–00547–AT.
Adv. No. 89–0553–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 28, 1989.

Michael P. Logan, Alexandria, Va., for plaintiff.

Lewis Paulick, McLean, Va., for defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter came before the Court upon Mahmood Kazerooni's motion to lift automatic stay to allow movant to proceed against the debtor in a related case in the United States District Court for the Eastern District of Virginia. The Court conducted a preliminary hearing on June 15, 1989, and took this motion under advisement.

### Findings of Fact

1. The debtor filed a voluntary chapter 7 petition under the Bankruptcy Code on March 22, 1989.

2. Prior to the filing of the petition, the movant as plaintiff had instituted a civil suit against the debtor, the debtor's son and another entity, (the "civil suit") in the United States District Court for the Eastern District of Virginia, Alexandria Division.[1]

3. The movant's complaint in the civil suit includes allegations that the debtor and the nondebtor parties engaged in fraudulent conduct and that there was a breach of contract. The pleadings filed in this adversary proceeding suggest that it would be virtually impossible for the movant to proceed to trial in the civil action against the nondebtor defendants unless the debtor remained in the suit.

### Discussion And Conclusions

The debtor argues in opposition to the lifting of the stay that the movant is only an unsecured creditor who is pursuing a disputed tort claim against the debtor and that the debtor will be forced to expend money for the defense of the civil suit if the stay is lifted. Although there is merit to the debtor's position, this Court observes that even if the stay were not lifted the debtor would, more likely than not, be subjected to the same litigation in a dischargeability context in the bankruptcy court.

Various courts have addressed this issue, and those courts have formulated a balancing test to be used to determine if the stay should be lifted to allow nonbankruptcy court litigation against a debtor to proceed outside the bankruptcy court. These courts have stated that the bankruptcy judge should determine (1) if the lifting of the stay will result in any great prejudice to the debtor or the bankruptcy estate, (2) if the hardship to the nondebtor of the continuation of the stay outweighs any hardship to the debtor, and (3) if the creditor has a probability of prevailing on the merits of the case. *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill.1986).

Here, the debtor is so intertwined with the factual issues in the civil litigation that to sever the debtor from the proceeding would overly handicap the movant's ability to fully develop his case. Accordingly, it appears that the prejudice that would occur to the movant/creditor by not allowing him to proceed in the United States District Court far outweighs the prejudice that would occur to the debtor.[2] Additionally, the distinct probability that the debtor

---

1. The style of this case is *Kazerooni v. Shapour Namazi, Ardeshir Namazi, and Cryus Business Systems.* The case docket number was not provided in the movant's motion; however, the bankruptcy petition reveals that the civil suit's case number is C.A. 89–0291–A.

2. The movant has not joined the chapter 7 trustee as a party defendant; therefore, the Court does not have to determine if the estate will be harmed by the lifting of the stay since any ruling made in this opinion will have no effect on the trustee.

would face similar litigation in the bankruptcy court to determine the dischargeability of the creditor's debt satisfies the other factors listed above.

Accordingly, the motion to lift the stay will be granted; the movant's civil suit, styled *Kazerooni v. Shapour Namazi, Ardeshir Namazi, and Cryus Business Systems,* C.A. 89–0291–A, may proceed against the debtor in the United States District Court for the Eastern District of Virginia, Alexandria Division. However, the movant is directed not to docket or otherwise attempt to enforce any judgment obtained from that civil suit against the debtor. A determination of the dischargeability of the debt that is the subject of the civil suit must be properly brought before this Court.

An appropriate order shall be entered.