**In re Ronald A. PIPERI, Debtor.**

**Bankruptcy No. 90–08012–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 28, 1990.

Marvin Isgur, Maddox, Perrin, Kirkendall, Colling & Christie, Houston, Tex., for debtor.

Craig H. Cavalier, Cavalier & Associates, Houston, Tex., for Jorge A. Gutierrez.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing on November 16, 1990 the Emergency Motion to Modify the Automatic Stay To Allow Prosecution of a Pending State Court Lawsuit filed by Jorge A. Gutierrez, as Receiver for Rio Grande Savings and Loan Association, in Liquidation. Responses opposing the relief sought were filed by the Debtor, Ronald A. Piperi, Ray C. Wilson, Creditor's Trustee of Mortgage Investment Company of El Paso, Texas ("MICO") under a liquidating plan of reorganization, and Associated Investment Company. Each was represented by counsel at the hearing. After review of the pleadings, memoranda, evidence and argument of counsel, the court made Findings of Fact and Conclusions of Law on the record and reserved the prerogative of amplifying them upon the making of written Findings of Fact and Conclusions of Law, and Judgment. To the extent any findings of fact may hereafter be construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law may hereafter be construed to be findings of fact, they are hereby adopted as such.

The Motion to Modify Stay was filed on November 14, 1990 along with an Emergency Motion for Expedited Hearing. The expedited hearing was requested by movant in view of a previous trial setting in the state court case, Cause No. 05–88–3211–A, 107th Judicial District, Cameron County, Texas, styled *Jorge A. Gutierrez, Receiver for Rio Grande Savings and Loan Association v. First Heights Bank, fsb, Orange Service Corporation, Inc., Gulf Coast Investment Corporation, Firstco Service Corporation, Ronald A. Piperi, Fincher Investment Company, Clyde L. Fincher, W.H. O'Donnell, Joe G. Sanders, M.H. Connelly, Charles P. Fincher, Paul P. George, Ronald B. Kilgore, Thora L. Newman, Harry C. Rawls, The Estate of Fred L. Flynn, Deceased, and The Estate of J.F. Ewers, Deceased.* Debtor is a defendant and cross-claimant in the state court action. That matter had been set for trial on November 13, 1990, but had been continued by the presiding state court judge until November 19, 1990. The continuance of the state court trial was precipitated by the Debtor's filing of bankruptcy on November 12, 1990. His bankruptcy petition automatically stayed the state court proceedings pursuant to 11 U.S.C. § 362(a), subject to exceptions at 11 U.S.C. § 362(b), or lifting of stay pursuant to 11 U.S.C. § 362(d). The movant, Gutierrez, in his emergency motion advised this court that the state court judge had put the matter over until November 19, 1990 in order to give the parties time to seek relief from the automatic stay in the Bankruptcy court. The order setting the instant hearing was signed November 14, 1990, (Docket No. 13) and telephonic notice thereof provided (Docket No. 15). In these circumstances the court finds the notice of this hearing adequate.

At the hearing the movant, Gutierrez, a Certified Public Accountant with extensive experience in state Savings and Loan regulation, testified credibly as to a number of significant delays in the state court litiga-

tion. He testified as to his concern that a judgment be promptly obtained, and to the need for trial in the near future. The institution for which he has been appointed receiver through the Texas Savings and Loan Department is not an institution insured by the Federal Savings and Loan Insurance Corporation. There is no insurance behind the deposits which were placed in the institution. Many of the depositors are elderly. The deposits they placed, and now cannot retrieve, represent their entire life savings.

The receiver's mandate, *inter alia,* is to gather all available assets and distribute them to depositors and investors in accordance with priorities established by state law. The state court lawsuit at issue is one of the primary assets that movant, as receiver, is pursuing. He fears that failure to proceed with the suit promptly may result in little to be obtained from the most solvent of the state court defendants, First Heights Bank, fsb ("Heights"). On the basis of his review of publicly available financial information, movant fears for the continued solvency of Heights, and considers it urgent that his claim be liquidated and, if possible, collected, while Heights remains solvent.

Piperi was an officer and large stockholder in Champion Savings Association, the assets of which were eventually acquired by Heights pursuant to agreements made by Heights and Champion. Piperi, in his capacity as an officer and owner of Champion, engaged in an extensive transaction with Rio Grande which is now the subject of the state court suit which involves, *inter alia,* allegations of fraud.

Gutierrez and his state court counsel, Robert J. Hearon, Jr., both testified credibly as to their concern about the absence of Piperi from the state court suit in the event that he were dropped as a defendant due to his bankruptcy filing. Both testified that Piperi claimed the protection of the Fifth Amendment when asked to testify at his deposition in connection with the state court suit. As the receiver is trying to conserve assets for the benefit of the depositors of Rio Grande, both movant and his state court counsel are concerned about the expense to the estate that would result if they were required to conduct the trial (expected to last four to six weeks) twice, once in state court and again, as against Piperi, at a subsequent date in Bankruptcy court.

Movant and his state court counsel are also concerned with the importance of the facts of which Piperi has knowledge, and with the importance of his presence as a necessary party to the suit (regardless of whether he does or does not elect to testify to those facts). In addition, in the event two trials were had, there is a possibility of two conflicting adjudications by two different courts. This could result in prejudice to one or all parties. And Piperi's appearance as a defendant and cross-claimant in the state court case is important in enabling the trier of fact to make a determination based upon the totality of the circumstances.

The testimony of movant and his state court counsel was that the need for a prompt trial is pressing not only because Heights might cease to be solvent, but also because one of the defendants' counsel is an elected member of the Texas Legislature. They testified, and this court takes judicial notice, that the Legislature's sessions start up after the first of the year in 1991 and that Texas statutes allow its Legislators who are attorneys to obtain trial continuances when the Legislature is in session.

Those opposed to lifting the stay did not present witnesses nor was the Debtor, Piperi, present at the hearing. This court takes judicial notice that Piperi has scheduled the amount of $75,000 as having been paid within the last ninety (90) days to the firm of Androphy and Berg. (See Statement of Financial Affairs For Debtor Not Engaged In Business, Docket No. 4, page 26). This court takes judicial notice that Joel M. Androphy of the firm of Androphy and Berg was the guest speaker on November 16, 1990 at a luncheon meeting of the Houston Bankruptcy Conference on the subject of "Mitigating A Client's Criminal Exposure In The Bankruptcy Court".

One of the usual concerns in a "new" bankruptcy is to give parties time to become aware of one another and to give debtor time to take stock and organize his affairs. *See* H.Rept. No. 90–595, pp. 121, 340, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6081, 6296; Bankruptcy Service, L Ed, §§ 82:4, 82:16; *In re Baum,* 15 B.R. 538 (Bankr.E.D.Va.1981). That concern is of quite limited weight here, since the parties are all very familiar with one another, and the Debtor is demonstrably putting his energy and resources into criminal, not civil, concerns.

■ This court finds that the state court suit is not subject to the automatic stay under 11 USC § 362(b)(4). The filing of a bankruptcy petition does not operate as a stay of the continuation of an action by a "governmental unit" to enforce its police or regulatory power. This court finds that the movant, as a receiver pursuant to state statute, of a state savings and loan association, falls within the category of a governmental unit as that term is defined at 11 USC § 101(26). The state court suit is an action by a governmental unit wherein the receiver is enforcing the state's regulatory power to collect and distribute the assets of the failed institution. Further, this court finds that the movant's actions are not solely for pecuniary purposes but also further the state's goals in the regulation of the public welfare, and are an attempt to minimize the injury to the depositors. See *In re MCorp.,* 101 B.R. 483 (S.D.Tex.1989) reversed, vacated and remanded on other grounds, *MCorp Financial, Inc. v. Board of Governors of Federal Reserve System of United States,* 900 F.2d 852 (5th Cir. 1990) for a summary of the application of the governmental unit exception to the automatic stay. See also, *SEC v. First Financial Group,* 645 F.2d 429 (5th Cir. 1981).

■ Alternatively, in the event that the stay is hereafter determined to be applicable to the movant, this court finds that the stay should be lifted for cause based upon the findings contained in pages 847–48, *supra.* In determining whether to lift the stay in order to allow the continuation of a state court suit, the court should consider the prejudice to the estate and the debtor, the hardship to the plaintiff and whether the movant (creditor) has the probability of prevailing on the merits. *In re Pro Football Weekly,* 60 B.R. 824 (Bankr.N.D.Ill. 1986); *In re Namazi,* 106 B.R. 93 (Bankr. E.D.Va.1989); *In re Revco D.S. Inc.,* 99 B.R. 768 (Bankr.N.D.Ohio 1989).

There will not be a burden on the Debtor's estate in allowing the lifting of the stay since counsel will only be compensated for work that is of benefit to the estate and not for work that is only beneficial to the Debtor personally. 11 U.S.C. 327. *And see,* e.g., *In re Cleveland,* 80 B.R. 204 (Bankr.S.D.Cal.1987); *In re De La Rosa,* 91 B.R. 920 (Bankr.S.D.Cal.1988). Further, the lifting of the stay would only permit liquidation of the movant's claim, not collection of any resulting judgment. Any return to movant upon a judgment will be in accordance with the priorities established by the Bankruptcy Code, and upon further order of this court. The movant has demonstrated considerable hardship if he is delayed, and respondents presented no evidence to the contrary. While the merits of the state court case were not addressed at length, Hearon testified to his view that the case was a strong one in that the transactions he anticipated proving were well documented. His testimony was undisturbed on cross-examination and unchallenged by controverting testimony. For purposes of a determination in the context of an 11 U.S.C. § 362 motion, movant has shown a reasonable likelihood of success.

Accordingly, the Emergency Motion To Modify the Automatic Stay To Allow Prosecution of a Pending State Court Lawsuit filed by Jorge A. Gutierrez, as Receiver for Rio Grande Savings and Loan Association, in Liquidation is granted. A separate Judgment will be entered by the court pursuant to the court's findings of fact and conclusions of law.